IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST, AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | Case No. 24 CV 02578 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Sharon Johnson Coleman |
| KIM KNECHT, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Central States, Southeast, and Southwest Areas Pension Fund ("Central States") and Charles A. Whobrey, as Trustee (collectively, "Plaintiffs") filed a complaint against Defendant Kim Knecht ("Knecht") to recover overpayments of pension benefits they allege Central States is owed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3). Knecht filed the instant motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the Court finds that it has personal jurisdiction over Knecht and accordingly denies Knecht's motion to dismiss [11].

### I. Background

The Court accepts as true all facts as alleged in the complaint, and as stated herein. Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an employee pension benefit plan, as defined by ERISA, 29 U.S.C. § 1002(2), and is administered from its principal and exclusive office located in Chicago, Illinois. (Dkt. 1 ¶ 4.) The Fund, which is funded primarily by contributions from multiple participating employers pursuant to negotiated collective bargaining agreements with local unions, is administered by its Board of Trustees under the terms of a Trust Agreement and Plan Document, the latter which provides the Board of Trustees the authority to recover excess payments

1

"[w]henever the Pension Fund has made benefit payments exceeding the amount determined by the provisions of its Pension Plan, due to a mistake[.]" (*Id.* ¶¶ 5, 9, 13.)

Sue T. Richard, as a beneficiary of the Fund, received a monthly direct deposit of $1,190.00 into her account at Iberia Bank (the "Iberia Account"). (*Id.* ¶¶ 7, 14.) Richard died on February 11, 2013, at which time her rights to the monthly pension benefits ceased and the Fund's obligation to remit monthly pension benefits terminated. (*Id.* ¶¶ 15–16.) Central States did not learn about Richard's death until August 2021, (*id.* ¶ 20), and continued to deposit monthly pension benefits directly into the Iberia Account from March 2013 through August 2021, resulting in overpayment into the Iberia Account of $121,380.00. (*Id.* ¶¶ 17–18.) After learning of Richard's death, Central States suspended payment of Richard's pension benefits, and no payments were made into the Iberia Account after August 2021. (*Id.* ¶ 19.)

On April 1, 2024, Plaintiffs brought this action against Knecht asserting three counts under ERISA and one count of common law fraud. Plaintiffs allege that Knecht, who was "listed as a co-account holder on or otherwise had access to the Iberia Account," (*id.* ¶ 23), "fraudulently concealed the material fact of Sue Richard's death from the Fund," (*id.* ¶ 24), and "knew that the Fund continued to electronically deposit her mother's monthly pension benefit into the Iberia Account after Sue Richard's death." (*Id.* ¶ 23.) Knecht thereafter filed the instant motion to dismiss for lack of personal jurisdiction.

**II.     Legal Standard**

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Where a defendant challenges the complaint for lack of jurisdiction and there are no disputed facts, and thus no need for an evidentiary hearing, the plaintiff has the burden of establishing a *prima facie* case of jurisdiction over the defendant. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

"[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F.Supp. 2d 837, 843 (N.D. Ill. 2009) (Dow, Jr., J.) (quoting *Purdue Research Found.*, 338 F.3d at 783). "The Court resolves factual disputes in the pleadings and affidavits in favor of the party asserting jurisdiction, but takes as true those facts contained in defendant's affidavits that remain unrefuted by the plaintiff." *Id.*

### III. Discussion

Under Federal Rule of Civil Procedure 4(k), the service of a summons upon a defendant is effective to establish personal jurisdiction when authorized by federal statute. *See* Fed. R. Civ. P. 4(k)(1)(C). ERISA, 29 U.S.C. § 1132, the statue under which this case arises, expressly grants personal jurisdiction and authorizes nationwide service of process. *See* 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."). Thus, any district court in which a plaintiff brings an action under ERISA "will have personal jurisdiction over the defendant if the defendant is properly served [under § 1132(e)(2)] and has sufficient minimum contacts with the U.S. [as a whole]." *Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 530 F. Supp. 2d 1008, 1015 (N.D. Ill. 2008) (Denlow, J.). The Seventh Circuit has observed that "it may be that sufficient contacts will exist whenever a defendant is served within the United States" and resultingly, "proper service according to § 1132(e)(2) will always establish personal jurisdiction, because the defendant must be in the United States to be properly served under § 1132(e)(2)." *Waeltz v. Delta Pilots Retirement Plan*, 301 F.3d 804, 808 n.3 (7th Cir. 2002).

There being no dispute as to whether Knecht was properly served, we find that Knecht has had sufficient contacts with the United States as a whole. Knecht is a resident of and domiciled in

Louisiana and was served with the summons and complaint in Louisiana. (Dkt. 11 ¶ 7, Ex. A.) Despite claiming to have never visited Illinois or had "contact with the State of Illinois for any of those facts alleged in the complaint in this matter," (Dkt. 11, Ex. A), Knecht's contact with the United States as a whole is sufficient to establish personal jurisdiction.

**IV.    Conclusion**

Accordingly, the Court denies Knecht's motion to dismiss [11].

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Judge

DATED: 3/19/2025

4